IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY L. PARHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of the Social )<br>Security Administration,[1] )<br>)<br>Defendant. ) | Case No. CIV-13-413-SPS |

### OPINION AND ORDER AWARDING
### ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff appealed the decision of the Commissioner of the Social Security Administration denying his request for benefits. The Court reversed the Commissioner's decision and remanded the case for further proceedings. On remand, the Administrative Law Judge ("ALJ") found that the deceased Plaintiff was disabled and awarded his spouse and child back benefits of over $131,000.00. The Plaintiff's attorney now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that the Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [Docket No. 25] should be GRANTED and that Plaintiff's attorney should be awarded $21,500.00 in attorney's fees.

The Court must initially determine if the motion at issue is timely. Section 406(b) does not address when a motion for attorneys' fees should be filed, so the Tenth Circuit

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

has instructed held that "the best option . . . is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Thus, a Section 406(b) motion for attorneys' fees must be filed within a reasonable time of receipt of the notice of award. *See generally* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). In this district, "a reasonable time" means within thirty days of issuance of the notice of award unless there is good reason for a lengthier delay. *See, e. g., Harbert v. Astrue*, 2010 WL 3238958 at *1 n. 4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). The motion for attorneys' fees in this case was filed on June 28, 2017, well over thirty days after the Notices of Award were issued on September 20, 2016 and December 27, 2016, and also more than thirty days after the attorney received copies of these Notices on May 22, 2017. *See* Docket No. 25, Ex. 3. The Plaintiff's attorney notes that he submitted "numerous inquiries . . . concerning the status of an award letter," but makes no comment on why his fee request was submitted more than thirty days after he actually received notice. The Court is not entirely satisfied with this explanation in that it did not indicate a diligence in pursuing the fees in this case, but inasmuch as there are no timeliness objections by the Commissioner or the Plaintiff, the Court declines to find that

the motion was not filed within a reasonable time under Fed. R. Civ. P. 60(b)(6). The Court therefore finds that the motion for attorneys' fees under Section 406(b) is timely.

When "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The 25% limit does not include any fee awarded by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C. § 406(a). *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner."). The request in this case is for $21,500.00, which is approximately 16% of the past due benefits awarded to the Plaintiff in accordance with the attorney fee agreement. *See* Docket No. 25, Ex. 3. The Court need therefore determine only if this amount is reasonable for the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors include: (i) the character of the representation and results achieved; (ii) whether any dilatory conduct might allow

attorneys to "profit from the accumulation of benefits during the pendency of the case in court[;]" and, (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F. 2d 367, 372 (2nd Cir. 1990) (court should consider "whether the requested amount is so large as to be a windfall to the attorney"). Contemporaneous billing records may be considered in determining reasonableness. *Id.* at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."), *citing Rodriguez*, 865 F.2d at 741.

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $12,500.00 in attorneys' fees is reasonable for the work done in this case. First, the attorney ably represented the Plaintiff in his appeal to this Court and obtained excellent results on his behalf, *i. e.*, a reversal of the Commissioner's decision denying benefits and remand for further consideration. The Plaintiff's success on two appeals enabled him not only to prevail in his quest for social security benefits, but also to obtain $11,471.70 ($6,592.50

in CIV-9-326-RAW-SPS, and $4,879.20 in the present case) in attorneys' fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), which will essentially reduce any amount awarded from her past-due benefits pursuant to Section 406(b).  Second, there is no evidence that the Plaintiff's attorney caused any unnecessary delay in these proceedings.  Third, the requested fee does not result in any windfall to the Plaintiff's attorney, who spent a total of 37.7 hours on this present appeal.  *See* Docket No. 25, Ex. 5.  This would equate to a rate of $570.29 per hour at most, which is not excessive given that the fee was contingent and the risk of loss was not negligible.  The Court therefore concludes that the requested fee of $21,500.00 is reasonable within the guidelines set by *Gisbrecht*.

     The letter sent to Plaintiff's counsel with the Notices of Award reflects that the Commissioner did not withhold sufficient funds from the past due benefits to pay the fees of the Plaintiff's representative.  While this does prevent the Plaintiff's attorney from recovering the entire amount awarded by the Court, it may require the attorney to look to the Plaintiff rather than the past due benefits to recover any deficiency after the Commissioner pays out any withheld funds.  *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference.").  Further, because the $21,500.00 awarded herein pursuant to Section 406(b)(1) exceeds the $11,471.70 previously awarded to the Plaintiff under the

EAJA, the Plaintiff's attorneys must refund the latter amount to the Plaintiff.  *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, the Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) [Docket No. 25] is hereby GRANTED.  The Court approves an award of attorney's fees in the amount of $21,500.00 to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1), and directs the Commissioner to pay to the Plaintiff's attorney the balance of any past-due benefits in her possession up to said amount.  The Plaintiff's attorney shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 24th day of July, 2017.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma